J-A30005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: P.H., STEPFATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1352 MDA 2019 |

Appeal from the Order Entered July 12, 2019
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000323-2018

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 20, 2020**

Appellant, P.H. ("Stepfather"), appeals from the July 12, 2019 Order entered in the York County Court of Common Pleas that found him to be a perpetrator of sexual abuse against J.H. ("Child").  Upon careful review, we affirm.

On August 22, 2018, the York County Office of Children, Youth, and Families ("Agency") received a report alleging that Stepfather sexually abused 7-year-old Child while living in the home with Child, T.H. ("Mother")[1], and Child's two younger half-siblings.  The Agency immediately conducted a "minimal facts" interview with Child and implemented a safety plan where Child and Child's siblings resided with a maternal great aunt for sixty days.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother is Child's mother and Stepfather's former wife.

On August 28, 2018, the Children's Advocacy Center conducted a forensic interview of Child ("CAC interview").

During the recorded CAC interview, Child described an incident when Mother and Stepfather both showed Child their genitalia to teach Child about the difference between male and female anatomy. Child disclosed that she saw Stepfather's penis and testicles, that Stepfather's penis was hard and soft during this interaction, and that she touched Stepfather's penis.

Also during the CAC interview, Child disclosed a second incident when Child touched Stepfather's penis while Mother was not home and Stepfather told her to lie about it.

On October 23, 2018, the trial court adjudicated Child dependent and Child remained in the care of the maternal great aunt.

In November 2018, Mother participated in a psychosexual evaluation. In sum, Mother explained that during the first incident, Child asked to see Stepfather naked and Mother and Stepfather agreed. Adult Psychosexual Evaluation, 11/5/18, at 1-2. Mother described that Stepfather undressed and allowed Child to ask questions about Stepfather's penis. *Id.* Mother stated that when Child asked to see Stepfather's penis erect, Mother excused Child from the room while she performed oral sex on Stepfather. *Id.* Mother then summoned Child back into the room to see Stepfather's erect penis and Mother disclosed that she also undressed from the waist down so that Child could see the difference. *Id.*

Mother recalled the second incident and stated that when she arrived home Child was on the floor while Stepfather was lying on the couch with a blanket over him and she saw Stepfather jump and Child have a strange look on her face. *Id.* Mother reported that when she questioned Child about the incident, Child replied that she asked Stepfather if she could touch his penis. *Id.*

In December 2018, Stepfather participated in a psychosexual evaluation. In sum, Stepfather confirmed Mother's account of the first incident and explained that Mother and he were teaching Child about anatomy. Adult Psychosexual Evaluation, 12/6/2018, at 1-2. Stepfather reported that during the second incident, he was sleeping on the couch when Child asked to see his penis several times and he finally said yes and let her poke it a few times. *Id.*

On March 1, 2019, the Agency received a report regarding the second incident between Stepfather and Child. At the conclusion of the investigations, the Agency indicated both reports.

The Agency filed a motion seeking a finding of abuse against Stepfather and, on July 12, 2019, the trial court conducted a hearing. The trial court heard testimony from Mother and the Agency caseworker Stacie Wineholt. The trial court also admitted into evidence Mother's psychosexual evaluation, Stepfather's psychosexual evaluation, and the reports of abuse.

The trial court also admitted into evidence the video of the CAC interview pursuant to the exception to the hearsay rule set forth in 42 Pa.C.S. § 5986.

The trial court viewed the video *in camera* and found that Child would suffer serious emotional distress if called to testify and thus, was unavailable as a witness.

The trial court concluded that Stepfather was a perpetrator of sexual abuse against Child pursuant to 23 Pa.C.S. § 6303(a). Stepfather timely appealed. Both Stepfather and the trial court complied with Pa.R.A.P. 1925.

Stepfather raises the following issues on appeal:

I. Did the trial court err when it made a finding of abuse against [] Appellant by considering evidence that was improperly made part of the record and admitted into evidence without being introduced by any party?

II. Did the trial court err and/or abuse its discretion when it made a finding of abuse against [] Appellant where there was insufficient evidence to prove abuse?

III. Did the trial court violate [] Appellant's right to due process by denying an uncontested continuance of the case where [] Appellant exercised his right to remain silent pending a criminal investigation in ongoing collateral proceedings?

Stepfather's Br. at 4.

We review findings in a dependency case for an abuse of discretion. *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015). This Court is required to accept the findings of fact and credibility determinations of the trial court if the record supports them, but not required to accept the lower court's inferences or conclusions of law. *Id.* "The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *Interest of T.G.*, 208 A.3d 487, 490 (Pa. Super. 2019) (citation omitted), *appeal denied*, 211 A.3d

750 (Pa. 2019). Notably, "we are not in a position to reweigh the evidence and the credibility determinations of the trial court." **In re R.J.T.**, 9 A.3d 1179, 1190 (Pa. 2010).

In his first issue, Stepfather avers that the video of the CAC interview constitutes hearsay and the trial court improperly admitted the CAC interview as an exception to hearsay pursuant to 42 Pa.C.S. § 5986. Stepfather's Br. at 7. Stepfather specifically argues that the trial court erred when it failed to hear testimony from the forensic interviewer to determine whether the CAC interview provided sufficient indicia of reliability. **Id.** at 8. Stepfather further argues that the trial court erred when it failed to hear testimony from a statutorily prescribed individual prior to making the determination that Child was unavailable due to serious emotional distress and admitting the video into evidence. **Id.** This issue lacks merit.

A trial court's decision to admit or exclude evidence lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. **In re C.M.T.**, 861 A.2d 348, 355 (Pa. Super. 2004).

Instantly, the trial court admitted the video of the CAC interview pursuant to Section 5986, which provides an exception to the rule against hearsay when a child is describing sexual abuse in dependency proceedings. **See** 42 Pa.C.S. § 5986. This provision permits the admission into evidence of the child's statement under certain circumstances. **See id.** First, the trial court must determine that the child's statement is relevant and reliable:

> **(a) General rule.--**A statement made by a child describing acts and attempted acts of indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling, is admissible in evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if:
>
> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability;

42 Pa.C.S. § 5986(a). The Rule further provides that the trial court may excuse the child from testifying (and deem the child unavailable) if the trial court determines that the child, by testifying, will suffer serious emotional distress such that testifying will impair the child's ability to reasonably communicate:

> **(b) Emotional distress.--**In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate.

42 Pa.C.S. § 5986(b). In making the determination of whether the child will suffer "serious emotional distress," the trial court **may** observe or question the child or hear testimony of a parent or person who has dealt with the child in a medical or therapeutic setting:

> In making this determination, the court **may** do all of the following:
>
> (1) Observe and question the child, either inside or outside the courtroom.

> (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

*Id.* (emphasis added). We note that the statute does not limit the type of evidence that the trial court may consider in making the determination of "serious emotional distress."

In this case, the trial court found that the CAC interview was relevant and reliable from the interview itself. Stepfather argues that the trial court erred when it failed to hold an *in camera* hearing to hear testimony from the forensic interviewer to determine whether the CAC interview and the statements made therein provided "sufficient indicia of reliability." Stepfather's Br. at 8. At the hearing on the admissibility of the CAC interview, however, Stepfather's counsel stated that he did not object to the trial court's dismissal of the forensic interviewer. Stepfather cannot now argue that the trial court should have considered the testimony of the forensic interviewer when determining the reliability of the CAC interview. Stepfather has waived any challenge. *See* N.T. Hearing, 7/12/19, at 15; *Interest of L.V.*, 209 A.3d 399, 418 (Pa. Super. 2019) (citation omitted) ("In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court.").[2] Accordingly, Stepfather is not entitled to relief.

_____

[2] Even if Stepfather had not waived this issue, the statute does not require a trial court to hear extrinsic evidence to determine "that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability[.]" *See* 42 Pa.C.S. § 5986(a)(1).

Stepfather next argues that the record is devoid of evidence or testimony from a parent, custodian, or medical or therapeutic provider to demonstrate that Child would experience emotional distress upon testifying. Stepfather's Br. at 6. Therefore, Stepfather argues, the trial court erred when it determined that Child was unavailable pursuant to Section 5986.

Stepfather mischaracterizes the statutory requirements. Pursuant to Section 5986, in order for a trial court to make a determination that a child is unavailable to testify due to emotional distress, the trial court **may, not shall,** "observe and question the child" and/or "[h]ear testimony of a parent or custodian or any other person[.]" 42 Pa.C.S. § 5986(b).

Here, prior to admitting the CAC interview presented by the Agency into evidence, the trial court viewed the CAC interview *in camera*. Based on previously admitted evidence regarding Child's therapy, including reports from Child's therapist, and the Child's demeanor during the CAC interview, the trial court found that testifying would cause the Child "serious emotional distress" and concluded that the Child was unavailable as a witness. **See** Trial Ct. Op., filed 8/26/19, at 9.

We find that Rule 5986 does not require the trial court, in determining a child's unavailability, to rely solely on the testimony of a parent or medical or therapeutic professional. Rather, the trial court may rely upon other properly admitted evidence. In this case, the trial court properly considered the CAC video and the other reports in determining that Child was unavailable

and did not abuse its discretion in making its determination based upon that evidence.

In his second issue, Stepfather avers that the Agency presented insufficient evidence to prove that he was a perpetrator of abuse against Child. Stepfather's Br. at 9. Stepfather argues that the evidence demonstrated that the alleged incidents between Stepfather and Child occurred for educational purposes rather than Stepfather's sexual arousal, stimulation, or gratification. *Id*. at 10. Upon review, Stepfather is not entitled to relief.

To obtain a finding of child abuse under the Child Protective Services Law ("CPSL"), the petitioning party must demonstrate the existence of child abuse by clear and convincing evidence. *L.Z.*, 111 A.3d at 1174. The CPSL defines "child abuse" to include, in relevant part, intentionally, knowingly or recklessly "causing sexual abuse or exploitation of a child through any act or failure to act." 23 Pa.C.S. § 6303(b.1)(4). In turn, the CPSL defines "sexual abuse or exploitation" as "[t]he employment, use, persuasion, inducement, enticement or coercion of a child to engage in or assist another individual to engage in sexually explicit conduct," which includes, *inter alia*:

> (i) Looking at the sexual or other intimate parts of a child or another individual for the purpose of arousing or gratifying sexual desire in any individual.
>
> (ii) Participating in sexually explicit conversation either in person, by telephone, by computer or by a computer-aided device for the purpose of sexual stimulation or gratification of any individual.
>
> (iii) Actual or simulated sexual activity or nudity for the purpose of sexual stimulation or gratification of any individual.

23 Pa.C.S. § 6303(a).

The trial court did not find Stepfather's explanation, that his actions were for educational purposes, to be credible and found that Stepfather's conduct met the definition of sexual abuse under Section 6303. The Trial court opined:

> Stepfather employed, used, persuaded, induced, enticed or coerced [] Child to engage in sexually explicit conduct, because he showed [] Child his penis, both when aroused and when not aroused; prior to both incidents there was conversation with [] Child about touching [Stepfather]'s penis, and during both incidents [] Child touched [Stepfather]'s penis.
>
> The [c]ourt is not persuaded at all by [Stepfather]'s assertion that the first incident was only an innocent teaching lesson for [] Child as to the differences between the male and female body. Common sense should have told both [Stepfather] and Mother that allowing and encouraging a 7-year-old child to touch an adult male's penis is to say the least disturbing behavior. Regarding the second incident, whether initiated by [] Child or not, [Stepfather] was the adult in the situation and should have acted like one. However, the [c]ourt finds little believability in the statements it is alleged that [Stepfather] made to Mother, the police, and the psychosexual evaluator regarding the second incident. [C]hild's statement[,] that [Stepfather] asked her not to tell Mother what happened, weighs heavily against [Stepfather].

Trial Ct. Op. at 6-7. The record supports the trial court's findings and we decline to reweigh the trial court's credibility determinations. Accordingly, we find no abuse of discretion.

In his final issue, Stepfather avers that the trial court violated his right to due process when the court denied his request for a continuance to exercise his right to remain silent while an ongoing collateral criminal investigation is

- 10 -

pending. Stepfather's Br. at 10. In his one-paragraph argument, Stepfather fails to develop any legal argument, provide citation to the record, or provide citation to legal authorities to support his averment. Accordingly, we are constrained to find this issue waived. *See R.L.P. v. R.F.M.*, 110 A.3d 201, 208–09 (Pa. Super. 2015) (stating that arguments that are not appropriately developed are waived, including those where the party has failed to cite any authority in support of a contention).

In conclusion, the record supports the trial court's finding that Stepfather was a perpetrator of child abuse against Child for sexual abuse or exploitation and we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2020